IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SKN DO BRASIL IMPORTACAO E EXPORTACAO DE ELETROELETRONICOS LTDA**, a Brazilian company,<br><br>Defendant. | Civil Action No. 15-14305 |

| | |
|---|---|
| GREGORY D. PHILLIPS (USB 4645)<br>JARED L. CHERRY (USB 11534)<br>**PHILLIPS RYTHER & WINCHESTER**<br>124 South 600 East<br>Salt Lake City, Utah 84102<br>Tel:   (801) 935-4935<br>Fax:  (801) 935-4936<br><br>Attorneys for Plaintiffs | KARA TERTZAG LIVIDINI (P63009)<br>**FORD MOTOR COMPANY AND FORD GLOBAL TECHNOLOGIES LLC**<br>330 Town Center Drive, Suite 800<br>Dearborn, MI 48126<br>Tel:   (313) 323-8559<br>Fax:  (313) 323-2647 |

## COMPLAINT

Plaintiff Ford Motor Company ("Ford") alleges as follows against SKN do Brasil Importacao e Exportacao de Eletroeletronicos Ltda. ("SKN"):

## PARTIES

1. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan.

2. SKN is a Brazilian company with its principal place of business in Rio de Janeiro, Brazil.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201, and 15 U.S.C. §§ 1119 and 1121(a), in that this case arises under the trademark laws of the United States or are so related to claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution. The Court also has jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1) in that Ford and SKN are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

4. This Court has personal jurisdiction over SKN, and venue is proper in this district, based on a forum selection clause in Section 21.1 of a License Agreement between Ford and SKN effective October 1, 2012 (the "License Agreement"), a copy of which is attached as Exhibit A. Section 21.1 of the License Agreement provides that "[a]ny disputes arising out of this Agreement shall be commenced in either the United States District Court for the Eastern District of Michigan, or an appropriate Michigan state court, and Licensee

expressly agrees and consents to venue in these courts, and will not seek to transfer or change the venue of any action brought in compliance with this provision."

## SUBSTANCE OF THE ACTION

5. This is an action for false designation of origin, trademark infringement and counterfeiting, and cyberpiracy under the Lanham Act (15 U.S.C. § 1051 *et seq.*), and for related claims relating to the rights of the parties under the License Agreement. SKN has materially breached the License Agreement which Ford has terminated, and, as a terminated licensee of home appliances, continues to use Ford trademarks and the Internet domain name *www.fordhomesolutions.com* in violation of Ford's trademark rights.

## BREACHES AND TERMINATION OF THE LICENSE AGREEMENT

6. Under the License Agreement, SKN was licensed to use the Ford trademarks Ford®, the Ford Script in Oval Logo®, the Ford Built Tough Logo®, and the Ford Official Licensed Property Logo® (collectively the "Ford Marks") for home appliances and light bulbs in various territories in South and Central America.

7. In May of 2015, Ford discovered that SKN had materially breached numerous provisions of the License Agreement and sent notices of breaches to SKN.

8. On or about May 18, 2015, Ford's Chief Trademark Counsel sent a

Notice of Breach that SKN was engaged in "the misuse of the Ford logo on the SKN website, creating the impression that Ford had some role in designing the products being offered by SKN," or [i]n the alternative, the descriptions make it appear that SKN is acting as part of Ford Motor Company." A true and correct copy of this Notice of Breach is attached hereto as Exhibit B.

9. On or about May 19, 2015, Ford's Chief Trademark Counsel sent a Notice of Breach regarding "the failure of SKN to indemnify Ford in connection with the claim by Philips Do Brasil LTDA ('Philip') that Ford is infringing a Philips patent regarding a deep fryer." A true and correct copy of this Notice of Breach is attached hereto as Exhibit C.

10. On or about May 20, 2015, Ford's Chief Trademark Counsel sent a Notice of Breach regarding "the failure of SKN to comply with the provisions of Paragraph 6.1 of the Agreement, which requires Ford approval for all licensed products." A true and correct copy of this Notice of Breach is attached hereto as Exhibit D.

11. On or about May 21, 2015, Ford's Chief Trademark Counsel sent a Notice of Breach regarding the "use of Ford trademarks well beyond the licensing terms of Agreement," and in particular that "SKN has no right to use the current domain name http://www.fordhomesolutions.com." A true and correct copy of this Notice of Breach is attached hereto as Exhibit E.

12. On or about June 5, 2015, counsel for SKN responded to the Notices of Breaches. A true and correct copy of this response is attached hereto as Exhibit F.

13. On or about June 24, 2015, outside counsel for Ford responded to the June 5, 2015 letter requesting copies of the alleged "written authorizations" referenced in the June 5, 2015 letter. A true and correct copy of this response is attached hereto as Exhibit G.

14. Rather than respond to this request, SKN filed a lawsuit in Brazil seeking to obtain an injunction enjoining Ford from terminating the License Agreement.

15. On or about June 29, 2015, Ford terminated the License Agreement because SKN had failed to cure the numerous breaches set forth above, and because the lawsuit in Brazil breached "Section 21.1 of the License Agreement that provides for exclusive jurisdiction for any legal proceedings in the State of Michigan." In addition, Ford demanded that SKN dismiss the lawsuit in Brazil and comply with SKN's "post-termination obligations in the License Agreement, including but not limited to, under Section 13.3 and 14.1" which require SKN to, among other things, "cease and desist from use of all [Ford Marks] in any way," and no longer "manufacture nor have manufactured for [SKN] any Licensed Products or other materials bearing the [Ford Marks]." SKN further agreed in

Section 14.1 of the License Agreement that "[a]ny unauthorized sale or distribution of Licensed Products after the expiration or termination of this Agreement will constitute an infringement of [Ford's] rights." A true and correct copy of this termination email is attached hereto as Exhibit H.

16. Rather than dismiss the lawsuit in Brazil and file a lawsuit in Michigan, SKN approached a judge *ex parte* and secretly obtained an injunction against Ford purporting to enjoin Ford from terminating the License Agreement. Ford has successfully vacated this *ex parte* injunction.

17. Despite repeated demands, SKN has failed, and continues to fail, to dismiss the lawsuit in Brazil, and to cease the use of the Ford Marks as required by the License Agreement. Accordingly, SKN has left Ford with no choice but to file this lawsuit in Michigan.

18. In addition, SKN has failed to pay royalties in accordance with the License Agreement.

**FIRST CLAIM FOR RELIEF**
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP
UNDER 15 U.S.C. § 1125(a))

19. Ford realleges and incorporates herein the allegations above.

20. Following the termination of the License Agreement, SKN has continued to use the Ford Marks in connection with SKN's products.

21. SKN's use of the Ford Marks after termination of the License

Agreement is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of SKN's products and services, and is likely to cause such people to believe in error that SKN's products and services have been authorized, sponsored, approved, endorsed, or licensed by Ford or that SKN is in some way still affiliated with Ford.

22. SKN's acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of SKN's goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

23. By reason of SKN's actions, Ford has suffered irreparable harm. Unless SKN is restrained from its actions, Ford will continue to be irreparably harmed.

24. Ford has no remedy at law that will compensate for the continued and irreparable harm that will be caused if SKN's acts are allowed to continue.

25. As a direct and proximate result of SKN's conduct, Ford is entitled to damages, treble damages, statutory damages, and the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by SKN from its false designations of origins, and Ford's attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
(FEDERAL TRADEMARK INFRINGEMENT AND
COUNTERFEITING UNDER 15 U.S.C. § 1114)

26. Ford realleges and incorporates herein the allegations above.

27. The Ford Marks are inherently distinctive, are arbitrary and fanciful, and have acquired secondary meaning. The public associates the Ford Marks exclusively with Ford and Ford's products and services. This is a result of the inherent distinctiveness of the Ford Marks and of distinctiveness acquired through extensive advertising, sales, and use in commerce throughout the United States and beyond in connection with products and services bearing or using the Ford Marks.

28. Following the termination of the License Agreement, SKN has continued to use the Ford Marks in connection with SKN's products.

29. SKN's use of the Ford Marks after termination of the License Agreement is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of SKN's products and services, and is likely to cause such people to believe in error that SKN's products and services have been authorized, sponsored, approved, endorsed, or licensed by Ford or that SKN is in some way still affiliated with Ford.

30. SKN has acted with knowledge of Ford's ownership of the Ford Marks and with deliberate intention to unfairly benefit from the incalculable goodwill inherent in the Ford Marks.

31. SKN's acts constitute trademark infringement and/or counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

32. SKN's misappropriation of the Ford Marks, has been, and continues to be done, with the intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of SKN's products and services. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

33. As a direct and proximate result of SKN's conduct, Ford has suffered irreparable harm to the Ford Marks. Unless SKN is restrained from further infringement of the Ford Marks, Ford will continue to be irreparably harmed.

34. Ford has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if SKN's acts are allowed to continue, and is thus entitled to both a preliminary and permanent injunction.

35. As a direct and proximate result of SKN's conduct, Ford is entitled to damages, treble damages, statutory damages, the equitable remedy of an accounting for, a disgorgement, of all revenues and/or profits wrongfully derived by SKN from its infringement of the Ford Marks, and Ford's attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

36. In the alternative, Ford is entitled to elect statutory damages under 17 U.S.C. § 1117(c).

## **THIRD CLAIM FOR RELIEF**
(CYBERPIRACY UNDER  15 U.S.C. § 1125(d))

37. Ford realleges and incorporates herein the allegations above.

38. As set forth above, SKN has no right to use the Internet domain name *www.fordhomesolutions.com*.

39. SKN's actions evidence a bad-faith intent to profit from use of the Ford Marks in domain names.

40. SKN has used the domain name *www.fordhomesolutions.com* which is identical, confusingly similar to, or dilutive of the Ford Marks that are and were distinctive and famous at the time of SKN's use thereof.

41. SKN will continue its acts of cyberpiracy to the irreparable injury of Ford and the public unless restrained and enjoined.

42. SKN has no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if SKN's acts of cyberpiracy are allowed to continue.

43. Ford is entitled to an injunction transferring the domain name *www.fordhomesolutions.com* to Ford.

44. In addition, in light of SKN's bad faith, Ford is entitled to damages, including statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 per infringing domain name, in addition to Ford's costs and attorneys' fees in bringing this action.

## **FOURTH CLAIM FOR RELIEF**
(BREACH OF CONTRACT)

45. Ford realleges and incorporates herein the allegations above.

46. As set forth above and in the Notices of Breaches, SKN has breached its obligations under the License Agreement, including but not limited to, the following ways:

a. Misusing the Ford logo on the SKN website and using descriptions to make it appear that SKN is acting as part of Ford in violation of Sections 6.1 and 13.1(a);

b. Failing to indemnify Ford for claims of patent infringement in violation of Section 5.1;

c. Failing to obtain approvals and submit products for approval in violation of Section 6.1;

d. Using the Internet domain name *www.fordhomesolutions.com* in violation of Section 8.2;

e. Filing and pursuing litigation in Brazil in violation of Section 21.1;

f. Failing to pay royalties in violation of Sections 3 and 4 of the License Agreement; and

g. Failing to comply with SKN's post-termination obligations, including but not limited to, under Section 13.3 and 14.1 which require SKN to, among other things, "cease and desist from use of all [Ford Marks] in any way,"

and no longer "manufacture nor have manufactured for [SKN] any Licensed Products or other materials bearing the [Ford Marks]," and failing to cease any unauthorized sale or distribution of Licensed Products after the expiration or termination of the Agreement thereby infringing Ford's rights.

47. As a direct and proximate result of SKN's conduct, Ford has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ford prays for relief against SKN as follows:

1. That a preliminary and permanent injunction be issued enjoining SKN, its employees, agents, successors and assigns, and all those in active concert and participation with SKN, and each of them who receives notice directly or otherwise of such injunctions, from:

(a) imitating, copying, or making unauthorized use of the Ford Marks, or any confusingly similar variations thereof;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of the Ford Marks;

(c) using any simulation, reproduction, counterfeit, copy or confusingly

similar variation of the Ford Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d) using any false designation of origin or false description (including, without limitation, any letters or symbols constituting the Ford Marks, or performing any act, which can, or is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by SKN is in any manner associated or connected with Ford, or is sold, manufactured, licensed, sponsored, approved or authorized by Ford;

(e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in SKN's possession, custody or control bearing a design or mark substantially similar to the Ford Marks;

(f) engaging in any other activity constituting unfair competition with Ford with respect to the Ford Marks;

(g) using the Internet domain name *www.fordhomesolutions.com* or using any other Internet domain name that uses the Ford Marks or a confusingly similar variation of a Ford Mark, and transferring such Internet domain names to any party except to Ford; and

(h) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in

subparagraphs (a) through (g) above.

2.  For preliminary and permanent injunction requiring SKN to dismiss the lawsuit in Brazil immediately, and for Ford's attorneys' fees and costs in litigating the lawsuit in Brazil.

3.  For an order directing that SKN file with the Court and serve upon Ford's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which SKN has complied with the above.

4.  For an order permitting Ford or auditors for Ford to audit and inspect the books and records of SKN for a period of six months after entry of final relief in this matter to determine the scope of SKN's past use of the Ford Marks, including all revenues and sales related to SKN's use of the Ford Marks, as well as SKN's compliance with orders of this Court.

5.  For an order permitting auditors for Ford to audit and inspect the books and records of SKN for a period of six months after entry of final relief in this matter for the purpose of auditing all royalties payable under the License Agreement.

6.  For an award of statutory damages under 15 U.S.C. § 1117(d) in the maximum amount of $100,000 for SKN's violation of 15 U.S.C. § 1125(d).

7. For an award of damages, treble damages, statutory damages, and the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by SKN from its false designations of origins, trademark infringement and/or counterfeiting, and Ford's attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

8. For an award of Ford's costs and disbursements incurred in this action, including Ford's reasonable attorneys' fees.

9. For an award of all royalties due under the License Agreement and wrongfully withheld by SKN.

10. For an award of all actual and consequential damages caused by the acts of SKN forming the basis of this Complaint.

11. For an award of interest, including prejudgment interest on the foregoing sums.

12. For such other and further relief as the Court may deem just and proper.

DATED this 10th day of December, 2015.

        Gregory D. Phillips
        Jared L. Cherry
        PHILLIPS, RYTHER & WINCHESTER

        By: /s/ Gregory D. Phillips
             Gregory D. Phillips
             *Attorneys for Plaintiff Ford Motor Company*